# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
STEPHEN P. STUBBS, BAR NO. 10449.

No. 72494

**FILED**

SEP 28 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF PUBLIC REPRIMAND*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Stephen P. Stubbs receive a public reprimand for violating RPC 1.1 (competence), RPC 1.2(a) (scope of representation and allocation of authority between client and lawyer), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 3.3(a)(1) (candor to a tribunal), and RPC 8.4 (misconduct). Because no briefs have been filed, this matter stands submitted for decision on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Stubbs committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and thus will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009).

The instant disciplinary matter pertains to Stubbs' criminal conviction for the offense of unlawful notarization of signature by notary

17-33000

public. Stubbs was retained by a client to represent him in two DUI cases. In each DUI case, Stubbs negotiated a plea and gave the written plea to his client's girlfriend for the client to sign. The girlfriend returned the documents signed, and, believing the signature on each document to be that of his client, Stubbs notarized the documents outside of the client's presence and submitted the documents to the court. This constituted a violation of NRS 240.155, a gross misdemeanor, to which Stubbs pleaded guilty and was sentenced to 364 days in jail, suspended, and placed on probation for an indefinite term not exceeding 18 months. Further, Stubbs did not discuss the plea agreements with the client before the documents were signed, nor did Stubbs inform the client about bench warrants that were issued for his arrest. Though the first plea agreement was actually signed by the client, the second plea agreement was signed by the client's girlfriend without the client's knowledge, and the client later moved to withdraw the plea on this basis.

The panel found that Stubbs violated RPC 1.1 (competence), RPC 1.2(a) (scope of representation and allocation of authority between client and lawyer), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 3.3(a)(1) (candor to a tribunal), and RPC 8.4 (misconduct). We defer to the hearing panel's findings of facts in this matter as they are supported by substantial evidence and are not clearly erroneous. Based on those findings, we agree with the panel's conclusions that the State Bar established by clear and convincing evidence that Stubbs violated the above-referenced rules.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we therefore "must . . . exercise independent judgment," the panel's recommendation is

persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining whether the panel's recommended discipline is appropriate, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). The purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988).

Stubbs violated duties owed to his client (competence, diligence, communication, scope of representation and allocation of authority between client and lawyer), to the legal system (candor to a tribunal), and to the legal profession (misconduct). The record indicates that his conduct was knowing.[1] The conduct resulted in potential injury to his client, as a guilty plea was entered without the client's consent and the client had to hire new counsel to challenge the plea, and also injury to the legal system in that a

---

[1]Though Stubbs claimed that the unlawful-notarization conviction was caused by his mistaken belief that he could notarize the client's signature outside of the client's presence under the circumstances, he did not have to intend to violate NRS 240.155 in order to have knowingly committed the misconduct. Rather, "knowledge" is defined as "the conscious awareness of the nature or attendant circumstances of the conduct but without the conscious objective or purpose to accomplish a particular result." ABA Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards* 452 (2016). By notarizing the documents outside the client's presence, yet attesting that the documents were subscribed and sworn before him by the client, Stubbs acted with "conscious awareness of the nature or attendant circumstances of the conduct," even if he did not intend, or was unaware, that his conduct violated a criminal statute or a rule of professional misconduct.

forged guilty plea was entered and had to be vacated by the court. The panel found two aggravating circumstances (substantial experience in the practice of law, and illegal conduct) and six mitigating circumstances (absence of prior disciplinary record, absence of selfish motive, full and free disclosure to disciplinary authority, character or reputation, imposition of other penalties or sanctions, and remorse).

Considering all of these factors, we agree that a public reprimand is sufficient to serve the purpose of attorney discipline in this case. *See Claiborne*, 104 Nev. at 213, 756 P.2d at 527-28. Though suspension is generally the baseline sanction for his misconduct, *see* ABA Standards, Standards 5.12, 7.2, we conclude that the significant mitigation weighs in favor of a public reprimand. Notably, Stubbs has no disciplinary history and the hearing panel found that he has a good reputation as an attorney. He did not receive any benefit in notarizing the documents and appears to have done so with the belief that the notarization was permissible under the circumstances and that his client had indeed signed the documents. He chose to plead guilty to the offense when he realized he violated his duty as a notary, and he has suffered other penalties as a result of his misconduct. He self-reported his conviction to the State Bar, expressed remorse for his conduct, and cooperated with the disciplinary investigation. And he has voluntarily given up his notary stamp and will no longer serve as a notary public. In light of this significant mitigation, we conclude a public reprimand is sufficient.

Accordingly, we hereby publicly reprimand Stephen P. Stubbs for violations of RPC 1.1, RPC 1.2(a), RPC 1.3, RPC 1.4, RPC 3.3(a)(1), and RPC 8.4. Additionally, Stubbs shall pay the $1,500 fee under SCR 120(3) plus the actual costs of the disciplinary proceeding in the amount of

$2,608.56 within 30 days of this order, if he has not done so already. *See* SCR 120. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

DOUGLAS, J., dissenting:

I cannot support a public reprimand for an attorney who failed to obtain consent from his client before entering a plea in a criminal case. Under the circumstances here, where Stubbs filed an entry of plea on his client's behalf without consulting his client and also falsely notarized documents and submitted them to the court, I believe that suspension is more appropriate.

_____, J.
Douglas

cc:  Chair, Southern Nevada Disciplinary Panel
     Potter Law Offices
     C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
     Kimberly K. Farmer, Executive Director, State Bar of Nevada
     Perry Thompson, Admissions Office, U.S. Supreme Court